IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELO GRIECO,<br>   *Plaintiff,*<br><br>v.<br><br>ALACRITY ADJUSTING SOLUTIONS, LLC,<br>   *Defendant.* | Civil No. 24-3024 |

**MEMORANDUM**

**COSTELLO, J.**                      September 23, 2025

  Plaintiff Angelo Grieco sued Defendant Alacrity Adjusting Solutions, LLC ("Alacrity") for disability discrimination and retaliation under the Americans with Disabilities Act. Alacrity has moved to dismiss the Complaint for, among other reasons, improper venue. Because Grieco has failed to properly allege that venue is proper in this District, the Court will grant Alacrity's motion.

**I.  BACKGROUND**[1]

  According to the Complaint, Grieco began working for State Farm in February 2022. ECF No. 1 ¶ 11. Grieco previously underwent two kidney transplants, which compromised his immune system. *Id*. ¶ 14. In August 2022, Grieco contracted Covid-19, which required him to quarantine for fifteen days. *Id*. ¶¶ 16-17. Grieco contacted his supervisor about his medical problems. *Id*. ¶¶ 18-22. However, his medical issues continued, which limited his ability to

---

[1]  The Court accepts Grieco's factual allegations as true for purposes of resolving this motion to dismiss. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

communicate with State Farm. *Id*. ¶¶ 22, 25-27. State Farm terminated Grieco's employment on October 4, 2022. *Id*. ¶ 29.

On January 4, 2023, Alacrity, a staffing company, hired Grieco to process claims for State Farm in Maryland. *Id*. ¶ 35. Grieco traveled to Maryland and set up to begin working there. *Id*. ¶ 36. Before he started, however, Alacrity learned, and advised Grieco, that State Farm would not allow Grieco to work on State Farm claims. *Id*. ¶ 37. Grieco believed State Farm was unfairly refusing to allow him to work jobs because of his medical condition and leave of absence. *Id*. ¶ 40.

Grieco asked Alacrity to assign him to non-State Farm jobs. *Id*. ¶ 46. Alacrity was non-committal, stating only that it would keep Grieco in mind. *Id*. ¶ 47. Grieco preferred to work in Pennsylvania and New Jersey, but he was willing to work jobs in any location. *Id*. ¶ 50. Grieco believed that Alacrity had non-State Farm jobs available in the Pennsylvania or New Jersey area, but Alacrity did not offer him any jobs. *Id*. ¶ 52.

Grieco communicated with Alacrity until March 2, 2023, mainly from his home in Tobyhanna, Pennsylvania, located in the Middle District of Pennsylvania. *Id*. ¶¶ 51, 53. Alacrity never assigned Grieco any work. *Id*. ¶ 54. Grieco alleges that Alacrity refused to assign him work because of his disability. *Id*. ¶¶ 64-65.

**II.    DISCUSSION**

Alacrity moved to dismiss for improper venue under 28 U.S.C. § 1406. Grieco responded as if Alacrity moved to transfer venue under 28 U.S.C. § 1404 and argued the public and private interest factors from *Jumara v. State Farm Ins. Co*., 55 F.3d 873 (3d Cir. 1995). Section 1404(a) allows a court to transfer a case where both the original and requested venue are proper. *Jumara*, 55 F.3d at 878. However, where the original venue is improper, Section 1406(a)

provides for the dismissal or transfer of the case. *Id*. Therefore, the Court first considers whether venue is proper in the Eastern District of Pennsylvania.

Title VII and ADA claims "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice[.]" 42 U.S.C. § 2000e-5(f)(3); *see also* 42 U.S.C. § 12117 (incorporating Title VII's venue provision to govern ADA claims).[2]

Alacrity, an LLC organized under the laws of Delaware with its principal place of business in Indiana, hired Grieco to process claims in Maryland. ECF No. 1 ¶ 35; ECF No. 6-11 ¶ 3.[3] Venue for any dispute arising out of this arrangement would not lie here. Accepting this, Grieco argues that the unlawful employment practice is not related to the Maryland job but to Alacrity's alleged refusal to assign him to non-State Farm jobs after learning of his disability. ECF No. 7 at 23. Even so, Grieco has failed to establish that venue is proper in the Eastern District of Pennsylvania.

Grieco suggests that the alleged unlawful employment practice occurred in Pennsylvania because he communicated with Alacrity virtually from his home, in the Middle District of

---

[2] The Complaint invokes venue under 28 U.S.C. § 1391(b) and (c) and suggests venue is proper because Grieco lived in and sought available jobs in the Eastern District of Pennsylvania. ECF No. 1 ¶ 4. But Grieco's ADA claims are governed by the exclusive venue provision in 42 U.S.C. § 2000e-5(f)(3), not Section 1391. *See Herzog v. Zales Corp*., No. 15-1079, 2015 WL 3448738, at *1 (E.D. Pa. May 29, 2015) (internal citation omitted) (explaining Section 1391 is inapplicable where Section 2000e-5(f)(3) applies).

[3] Information regarding Alacrity's corporate form and principal place of business is taken from an affidavit filed by Alacrity. In deciding a motion to dismiss for improper venue, the Court may consider affidavits submitted by the parties. *S.E.C. v. Cooperman*, 243 F. Supp. 3d 597, 600 n.1 (E.D. Pa. 2017).

Pennsylvania. However, Grieco's mere presence in Pennsylvania is not enough. Grieco would need to allege something more, but he has not. For example, Grieco has not alleged that Alacrity made any decisions related to Grieco's hiring, assignment, or request to work non-State Farm jobs in Pennsylvania. Accordingly, Grieco has not established that any unlawful employment practice occurred here, and venue is not proper on this basis.

As for the second venue provision, Grieco has not alleged, and there is nothing to suggest that Alacrity maintained or administered the relevant employment records in the Eastern District of Pennsylvania. Venue is therefore not proper on this basis either.

Finally, Grieco has not established that he would have worked in this District but for the alleged unlawful employment practice. Instead, he bases his argument on his own wishful thinking about a hypothetical job. Grieco argues that venue is proper because he wanted to work jobs in Pennsylvania and New Jersey and because he was "willing to work jobs in any location." ECF No. 1 ¶ 50. Based on this logic, a plaintiff's mere wish or thought would be sufficient to establish venue. It is not. Instead, Grieco must establish that he would have worked here, not that he would have been willing to work here. Moreover, there is nothing to suggest that Alacrity had any intention of employing him here in this District. Grieco alleged that he believed Alacrity had positions available in Pennsylvania and New Jersey, but he did not allege that any of those jobs were located in the Eastern District of Pennsylvania, nor did he provide any reason to believe he would have been offered any such job.

Under these circumstances, venue under Section 2000e-5(f)(3) is not proper in the Eastern District of Pennsylvania. Therefore, Section 1406 governs, and dismissal is appropriate.[4] The Court will grant Alacrity's motion to dismiss for improper venue and dismiss the Complaint without prejudice. An appropriate Order follows.

**BY THE COURT:**

MARY KAY COSTELLO
United States District Judge

---

[4] Because the Court is dismissing this case based on improper venue, it will not reach the merits of Alacrity's remaining arguments for dismissal.

5